IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                                Criminal No.   2:22-cr-127

DOMINIC RUNCO

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Karen Gal-Or, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A two-count information was filed against the above-named defendant for the following alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Importation or transportation of obscene matters from on or about October 28, 2020 to on or about November 25, 2020 | 18 U.S.C. § 1462 |
| 2 | Possession of Material Depicting the Sexual Exploitation of a Minor On or about March 22, 2021 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II.  ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Importation or Transportation of Obscene Matters, in violation of 18 U.S.C. § 1462, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly used or caused to be used an interactive computer service for carriage in interstate or foreign commerce the matter charged in the Information;

2.    That the defendant knew, at the time of such use, the character or nature of the matter charged in the Information;

3.    That the material charged in the Information was obscene.

Title 18, United States Code, Section 1462.

**B.    As to Count 2:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

2

3.　　　　That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

4.　　　　That the images involved prepubescent minors or minors who have not attained 12 years of age.

Title 18, United States Code, Section 2252(b)(2).

### III.  PENALTIES

**A.　　As to Count 1:  Importation or Transportation of Obscene Matters (18 U.S.C. § 1462):**

1.　　　　A term of imprisonment of not more than 5 years, but for any second or subsequent offense, a term of imprisonment of not more than 10 years.

2.　　　　A fine of not more than $250,000.

3.　　　　A term of supervised release of not more than 3 years.

4.　　　　Any or all of the above.

**B.　　As to Count 2:  Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1.　　　　Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or

transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2.      A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

3.      A term of supervised release of at least 5 years, up to life (18 U.S.C. §3583(k)).

4.      Any or all of the above.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

An additional special assessment of $5,000.00 must be imposed as to Count Two, as the offense was committed after May 29, 2015 and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, as to Count Two, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V.  RESTITUTION

Restitution may be required in this case as to Count Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI.  <u>FORFEITURE</u>

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*<u>/s/ Karen Gal-Or</u>*
KAREN GAL-OR
Assistant U.S. Attorney
PA ID No. 317258