IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 22-127 |
| | ) |
| DOMINIC RUNCO | ) |

**Order on Motion to Transfer Place of Confinement**

Presently before the Court is Dominic Runco's Motion to Transfer Place of Confinement to Home Confinement. ECF No. 42. The government has filed a Response opposing the Motion. ECF No. 45. After review of the briefing, and because this Court lacks power to grant the relief Mr. Runco requests, his Motion will be denied.

On December 13, 2022, the Court varied from the applicable guideline range of 12 to 18 months' imprisonment, and sentenced Mr. Runco to a term of 6 months' imprisonment. ECF No. 40. The Court also sentenced Mr. Runco to serve 3 years of supervised release with the first 6 months to be served on home detention. Mr. Runco's term of imprisonment began on January 18, 2023, and he has a projected release date of July 15, 2023.

Presently, Mr. Runco requests that the Court transfer him from prison to home confinement for the remainder of his term of imprisonment. The Court lacks the authority to order that Mr. Runco be transferred to home confinement for the remainder of his six-month term of imprisonment. As the government explains in its brief, once a sentence of imprisonment is imposed, the sentencing Court generally lacks the authority to modify the sentence. *See* Govt Resp. at 2-3 (citing, *inter alia*, *United States v. Dillon*, 560 U.S. 817, 825 (2010). A court may correct or modify a sentence only under limited circumstances. Under Federal Rule of Criminal Procedure 35(a), a court may correct a "clear" sentencing error within 14 days of imposing the sentence. A court may also consider a modification of sentence when a timely filed motion is

brought pursuant to 28 U.S.C. § 2255.  Finally, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed, none of which apply in the present case.

Mr. Runco's reference to United States Sentencing Guideline § 5C1.1(c)(3) as legal authority for the post-judgment modification of his sentence does not provide such authority.  Guideline section 5C1.1(c)(3) applies only when the court imposes sentence; it is not applicable post-sentence.  Similarly, Mr. Runco's citation to 28 U.S.C. § 994(j) applies only prior to the court's imposition of a sentence.

Finally, Mr. Runco states that at sentencing the Court "appeared to understand the challenges that lay ahead with respect to Defendant's absence from [his place of employment], indicating that it would be available to entertain a Motion of this nature."  Def. Mot. at ¶ 17.  At sentencing, the Court did not indicate that it would entertain a motion seeking a substantive change to Mr. Runco's six-month term of imprisonment.  The Court, instead, indicated that, once Mr. Runco is serving home detention as part of his supervised release, he may request adjustments to accommodate his workload, such as overnight and out of state work.

AND NOW, this 28th day of March 2023, because this Court lacks the authority to provide the requested relief, Dominic Runco's Motion to Transfer Place of Confinement to Home Confinement, ECF No. 42, is DENIED.

s/*Marilyn J. Horan*
United States District Judge
